2017 ND 167

**Timothy Ray DENAULT, Petitioner**

v.

**STATE of North Dakota, Respondent and Appellant**

No. 20160294

Supreme Court of North Dakota.

Filed 7/12/2017

Britta K. Demello Rice, Assistant Attorney General, Attorney General Office, Bismarck, ND, for respondent and appellant.

Timothy Ray Denault, petitioner; no appearance.

Kapsner, Justice.

[¶ 1] The State appeals from a district court order granting Timothy Denault's petition for declaratory relief and vacating his duty to register as a sexual offender in North Dakota. We conclude that the court abused its discretion in granting declaratory relief and that the Minnesota criminal offense to which Denault pled guilty is equivalent to a North Dakota offense for purposes of sexual offender registration under N.D.C.C. § 12.1–32–15(3)(b). We reverse.

I

[¶ 2] In 2000, Denault pled guilty in Clay County, Minnesota, to violating Minn. Stat. § 609.3451, for lewd exhibition, gross misdemeanor criminal sexual conduct in the fifth degree. Denault subsequently moved to North Dakota. In December 2014, Denault filed a petition and affidavit in the district court, seeking declaratory relief from being required to register as a sexual offender in North Dakota. Denault alleged he had been informed that the North Dakota attorney general's office determined he was required to register based on his conviction in Minnesota, despite not having had to register in Minnesota. He requested the court to declare the requirement to register as a sexual offender unlawful, to terminate his registration requirement, and to remove him from the attorney general's list of sexual offenders.

[¶ 3] In January 2015, Denault filed additional exhibits, including copies of the complaint and final order from his criminal case in Minnesota. In June 2016, the district court issued a notice of default hearing because the State had not responded to the petition. The State opposed entry of a default judgment, and the court allowed the State to respond to Denault's petition. In August 2016, the State filed a brief opposing Denault's petition for declaratory relief, arguing N.D.C.C. § 12.1–32–15 treats offenders moving here from out-of-state the same as if convicted in North Dakota and Denault does not qualify to be exempted from registration.

[¶ 4] The district court granted Denault's petition, vacated his sexual offender

registration requirement, and ordered him to be removed from the attorney general's list of sexual offenders. The court concluded the executive branch had imposed the registration requirement on Denault, rather than the judicial branch of government. The court further held the attorney general's office acted in excess of its statutory authority and in violation of the North Dakota Constitution's separation of powers in deciding there was an equivalent North Dakota offense and by imposing a duty to register as a sexual offender.

## II

[¶ 5] The State argues the district court erred in granting Denault's petition for declaratory relief.

[¶ 6] We review declaratory judgment actions under the same standards as other cases. N.D.C.C. § 32–23–07; *see also Nationwide Mut. Ins. Cos. v. Lagodinski*, 2004 ND 147, ¶ 7, 683 N.W.2d 903; *Hanneman v. Cont'l W. Ins. Co.*, 1998 ND 46, ¶ 19, 575 N.W.2d 445. The Declaratory Judgment Act's purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and it is to be construed and administered liberally." N.D.C.C. § 32–23–12. "The court may refuse to render or enter a declaratory judgment or decree if such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." N.D.C.C. § 32–23–06.

[¶ 7] We have said a justiciable controversy must exist, ripe for a judicial determination. *Ramsey Cty. Farm Bureau v. Ramsey Cty.*, 2008 ND 175, ¶ 22, 755 N.W.2d 920; *Saefke v. Stenehjem*, 2003 ND 202, ¶ 12, 673 N.W.2d 41. "The Uniform Declaratory Judgments Act does not give a court the power to render advisory opinions or determine questions not essential to the decision of an actual controversy." *Richland Cty. Water Res. Bd. v. Pribbernow*, 442 N.W.2d 916, 918 (N.D. 1989) (quoting *Davis v. Dairyland Cty. Mut. Ins. Co. of Texas*, 582 S.W.2d 591, 593 (Tex. Civ. App. 1979)). Under N.D.C.C. § 32–23–06, "the [district] court's decision to grant or deny a request for a declaratory judgment is discretionary." *Nodak Mutual Ins. Co. v. Wamsley*, 2004 ND 174, ¶ 7, 687 N.W.2d 226. The court's decision will not be set aside on appeal absent an abuse of its discretion. *Id.*

[¶ 8] In granting Denault's petition for declaratory relief, the district court granted relief as a matter of law on legal grounds based on undisputed facts, akin to a summary judgment. Our standard for reviewing summary judgment is also well established:

Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Whether summary judgment was properly granted is a question of law which we review de novo on the entire record. On appeal, this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law.

*Ramsey Cty.*, 2008 ND 175, ¶ 6, 755 N.W.2d 920 (quotation marks omitted).

## III

[¶ 9] The State argues the district court abused its discretion in granting declaratory relief by holding that the attorney general had imposed Denault's duty to register in North Dakota as a sexual offender, that only a judge can impose sexu-

al offender registration, and that the statutory requirement to register under N.D.C.C. § 12.1–32–15(3)(b) is "wholly illegal and void."

[¶ 10] Our standards for interpreting a statute are well established:

> Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

*State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886 (quoting *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267). The interpretation of a statute presents a question of law, fully reviewable on appeal. *Id.*

[¶ 11] Section 12.1–32–15(3), N.D.C.C., imposes a duty to register on an individual in this state when convicted of certain offenses in another state, providing in part:

> If a court has not ordered an individual to register in this state, an individual who resides, is homeless, or is temporarily domiciled in this state shall register if the individual:
>
> . . . .

> b. *Has pled guilty* or nolo contendere *to,* or been adjudicated for or found guilty of, an offense in a court of this state for which registration is mandatory under this section or *an offense from another court in the United States,* a tribal court, or court of another country *equivalent to those offenses set forth in this section . . . .*

(Emphasis added.)

[¶ 12] Here, the district court held that the executive branch—*i.e.,* the attorney general's office—could not impose a requirement to register as a sexual offender under N.D.C.C. § 12.1–32–15(3)(b), and that such action violated the doctrine of separation of powers because the decision involves a judicial function. The court reasoned the statute as a whole does not give the executive branch any authority to impose a duty to register, registration can only be imposed as a part of probation conditions, and only a court has authority to impose those conditions. The district court also relied on *State v. Nelson*, 417 N.W.2d 814, 817 (N.D. 1987), and *State v. Saavedra*, 406 N.W.2d 667, 671 (N.D. 1987), for the general proposition that a court may not delegate sentencing authority. The court held only a judge could impose sexual offender registration under N.D.C.C. § 12.1–32–15(3).

[¶ 13] The State responds, however, that the legislature created the duty to register as a sexual offender under N.D.C.C. § 12.1–32–15(3), and the district court erred in holding the attorney general had acted in excess of its authority. The State contends that the statute imposes a duty to register on Denault and that the attorney general, "as the administering agency, works alongside various departments to implement the statute." The State asserts this may include the notification to Denault that he has a statutory duty to register.

[¶ 14] The State argues our precedent confirms an offender's duty to register exists, even when a judge is not involved, and a majority of this Court has previously held the sexual offender registration statute valid. *See State v. Rubey*, 2000 ND 119, ¶¶ 10–11, 611 N.W.2d 888; *State v. Burr*, 1999 ND 143, ¶¶ 26–27, 598 N.W.2d 147. The State asserts *Rubey* and *Burr* establish that the duty to register can be imposed by either a court, by statute, or by both; and the requirement is not imposed by the attorney general's office. Although the attorney general's office or law enforcement may inform an offender of a statutory duty to register, the State asserts this is relevant to establishing a willful violation and does not create a separation of powers issue.

[¶ 15] Contrary to the district court's interpretation, we conclude the plain language of N.D.C.C. § 12.1–32–15(3) applies to an individual who has not been ordered to register by a court. On its face, the statute applies to an individual who resides, is homeless, or is temporarily domiciled in this state, and for purposes of subsection (3)(b), who has been convicted of an "equivalent" offense in another state. The legislature imposed this statutory duty to register on certain specified individuals. We therefore conclude the court abused its discretion in granting Denault declaratory relief on grounds the attorney general's office had "imposed" Denault's duty to register and had exceeded its statutory authority under the statute.

[¶ 16] To the extent the district court's decision held the registration requirement in N.D.C.C. § 12.1–32–15(3) is "wholly illegal and void," the State contends Denault failed to establish the statute is unconstitutional. We have discussed a party's high burden in seeking to declare a statute unconstitutional:

We have said that "a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *[Riemers v.] Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167 (quotations omitted). "Absent authority *and a reasoned analysis to support it*, the mere assertion of unconstitutionality is insufficient to adequately raise a constitutional question." *Overboe v. Farm Credit Servs.*, 2001 ND 58, ¶ 13, 623 N.W.2d 372 (emphasis added). "Courts cannot be expected to search through the record and applicable case law to discover deprivations of a constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so." *Id.*; *see also Lund v. North Dakota State Highway Dep't*, 403 N.W.2d 25, 29 n.6 (N.D. 1987). A party pursuing a constitutional claim must therefore make a strong case supported by both fact and law or "forgo the claim." *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547; *Grand Forks Prof'l Baseball, Inc. v. North Dakota Workers Comp. Bur.*, 2002 ND 204, ¶ 17, 654 N.W.2d 426.

*Weeks v. N.D. Workforce Safety & Ins. Fund*, 2011 ND 188, ¶ 8, 803 N.W.2d 601. Further, a party asserting constitutional claims must provide more than bare assertions:

" 'The power to hold an Act of the Legislature invalid is one of the highest functions of the courts, and such power should be exercised with great restraint.' " *MCI Telecomm. Corp. v. Heitkamp*, 523 N.W.2d 548, 552 (N.D. 1994) (quoting *Montana–Dakota Utils. Co. v. Johanneson*, 153 N.W.2d 414, 416–17 Syll. ¶ 6 (N.D. 1967)). "The presumption of constitutionality is so strong that a statute will not be declared unconstitutional 'unless its validity is, in the judgment of the court, beyond a reasonable

doubt.'" *MCI*, at 552 (quoting *Menz v. Coyle*, 117 N.W.2d 290, 293 Syll. ¶ 3 (N.D. 1962)). Further demonstrating the strength of this requirement, N.D. Const. art. VI, § 4 states that this Court "shall not declare a legislative enactment unconstitutional unless at least four of the members of the court so decide." For these reasons, we require a party "do more than submit bare assertions to adequately raise a constitutional issue," we only decide those issues "thoroughly briefed and argued," and "a party waives an issue by not providing adequate supporting argument." *Olson v. Workforce Safety & Ins.*, 2008 ND 59, ¶ 26, 747 N.W.2d 71.

*Weeks*, at ¶ 9.

[¶ 17] Here, the district court addressed the issue of whether the registration requirement violated separation of powers and was "wholly illegal and void" sua sponte and without the benefit of briefing from the State. Although Denault requested the court declare his requirement to register unlawful, he did not challenge the statute's constitutionality in his petition and did not raise the statute's constitutionality to the court. Moreover, Denault failed to submit a brief and defend the court's decision on appeal. Because Denault neither raised nor briefed the issue of the statute's constitutionality, we will not address it on appeal, and the issue has been waived. *Matter of R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771 ("When a party fails to raise an issue before the district court, even a constitutional issue, we generally will not address the issue on appeal.").

### IV

[¶ 18] The State contends the Minnesota statute to which Denault pled guilty is an "equivalent offense" that requires Denault to register as a sexual offender in North Dakota. Although differences exist between the relevant Minnesota and North Dakota statutes, the State asserts the statutes need not be identical and Minn. Stat. Ann. § 609.3451 is an equivalent offense to N.D.C.C. § 12.1–20–12.1 for purposes of N.D.C.C. § 12.1–32–15(3)(b).

[¶ 19] Generally, in a different context discussing whether a foreign statute was an equivalent, this Court has explained:

It is not a requirement ... that the foreign statute be identical to the North Dakota statute. Instead, the requirement is that the statutes be equivalent. Upon reviewing the Montana statute and the North Dakota statute, we believe they are equivalent.... Had the basic elements of the offenses described in the two statutes been different, or had the penalties been substantially different we might have concluded differently.

*Walter v. N.D. State Hwy. Comm'r*, 391 N.W.2d 155, 160 (N.D. 1986). We also note that for purposes of N.D.C.C. tit. 39, motor vehicles, the legislature defined "[e]quivalent ordinance" as "an ordinance of a city, state, or other jurisdiction which is comparable to the cited statute and defines <u>essentially the same offense</u>, even if the language of the ordinance differs or procedural points or methods of proof differ." N.D.C.C. § 39–06.1–01(2) (emphasis added).

[¶ 20] As an example, in *State v. Lloyd*, 132 Ohio St.3d 135, 970 N.E.2d 870, 877 (2012), the Ohio Supreme Court provided the following guidance for deciding whether an out-of-state conviction is "substantially" equivalent:

We conclude that in order to determine whether an out-of-state conviction is substantially equivalent to a listed Ohio offense, a court must initially look only to the fact of conviction and the elements of the relevant criminal statutes,

without considering the particular facts disclosed by the record of conviction. If the out-of-state statute defines the offense in such a way that the court cannot discern from a comparison of the statutes whether the offenses are substantially equivalent, a court may go beyond the statutes and rely on a limited portion of the record in a narrow class of cases where the factfinder was required to find all the elements essential to a conviction under the listed Ohio statute. To do so, courts are permitted to consult a limited range of material contained in the record, including charging documents, plea agreements, transcripts of plea colloquies, presentence reports, findings of fact and conclusions of law. from a bench trial, jury instructions and verdict forms, or some comparable part of the record.

[¶ 21] In this case, Denault was convicted in Minnesota of the offense of lewd exhibition under Minn. Stat. § 609.3451, subd. 1(2), which provided in relevant part:

Subdivision 1. Crime defined. A person is guilty of criminal sexual conduct in the fifth degree:

(1)  if the person engages in nonconsensual sexual contact; or

(2)  the person engages in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present.

Although not defined in the statute, Minnesota courts have defined "lewd" as "obscene," *State v. Botsford*, 630 N.W.2d 11, 17 (Minn. Ct. App. 2001), and "lewdness" as "the quality of being openly lustful or indecent," *City of Mankato v. Fetchenhier*, 363 N.W.2d 76, 79 (Minn. Ct. App.1985). *See also Nguyen v. State*, No. A10-436, 2010 WL 4608348, at *1 (Minn. Ct. App. Nov. 16, 2010) (discussing "lewd

exhibition of the genitals" under Minn. Stat. § 609.3451, subd. 1(2)).

[¶ 22] The State asserts North Dakota has criminalized similar conduct under N.D.C.C. § 12.1–20–12.1, which provides:

1.  A person, with intent to arouse, appeal to, or gratify that person's lust, passions, or sexual desires, is guilty of a class A misdemeanor if that person:

    a.  Masturbates in a public place or in the presence of a minor; or

    b.  Exposes one's penis, vulva, or anus in a public place or to a minor in a public or private place.

Section 14–10–01, N.D.C.C., defines "[m]inors" as "persons under eighteen years of age."

[¶ 23] The State contends that, despite minor differences, the statutes are equivalent for purposes of N.D.C.C. § 12.1–32–15(3)(b). The State asserts the age of the victim and the intent of the actor are two main differences between the offenses defined in the North Dakota and Minnesota statutes. The State also contends the facts of the underlying case establish Denault's intent in his conduct exposing himself to the minor. In this case, however, we need not go beyond the language of the statutes.

[¶ 24] Based on our review of the Minnesota and North Dakota statutes at issue, we conclude they are equivalent. Both statutes make it unlawful for a person to either masturbate or expose one's genitals in the presence of a minor. Although the Minnesota statute's elements provide for a lower age of the minor and a slightly different intent, we conclude the Minnesota statutory requirements to be proved are, in fact, more stringent than under the North Dakota statute. Nonetheless, the basic elements of the two statutes' offenses are similar or essentially the same offense. We therefore conclude that the Minnesota and North Dakota statutes are equivalent as contemplated under N.D.C.C. § 12.1–32–15(3)(b).

[¶ 25] To the extent the State suggests on appeal that an offender may argue for the application of exceptions to registration under N.D.C.C. § 12.1–32–15 in a declaratory relief proceeding, we again note Denault did not raise or argue any specific exceptions applied in his petition to the district court or on appeal to this Court. We therefore decline to address the issue. *R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771.

[¶ 26] Based on the foregoing, we conclude the district court abused its discretion in granting Denault's petition for declaratory relief.

## V

[¶ 27] The district court order is reversed.

[¶ 28] Carol Ronning Kapsner

Lisa Fair McEvers

Jerod E. Tufte

Daniel J. Crothers

Gerald W. VandeWalle, C.J.