# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 174

State of North Dakota,                                                   Plaintiff and Appellee

v.

Spencer Brent Norton,                                              Defendant and Appellant

No. 20180378

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Julie A. Lawyer, Burleigh County State's Attorney, Bismarck, North Dakota, for plaintiff and appellee; submitted on brief.

Russell J. Myhre, Enderlin, North Dakota, for defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]    Spencer Norton appeals from a judgment entered after the district court denied his motion to dismiss and accepted his conditional guilty plea to the charge of failure to register as an offender against children.  We conclude N.D.C.C. § 12.1-32-15(3) imposed a statutory duty on Norton to register, and we affirm.

I

[¶2]    In May 2018, while Norton was in custody on unrelated charges, the State charged him with willfully failing to register as an offender against children from June 28, 2017, through May 21, 2018.  The charge against Norton was based on his February 1997 convictions in North Carolina for abduction of a child and second degree kidnapping.  Norton moved to dismiss the charge, arguing the State could not prove he was required to register and the complaint was premature.  Norton contended he was fifteen years old at the time of the North Carolina convictions, he was never ordered to register by a North Carolina court, and the North Carolina judge never stated a registration requirement on the record.  He claimed the State must prove his sentence complied with due process by personally advising him of the registration requirement.  He also contended the complaint was premature, because he had been continually incarcerated since November 7, 2017, and could not go to the Bismarck Police Department to register in person.

[¶3]    The State responded that Norton was required to register under N.D.C.C. §§ 12.1-32-15(1)(a) and 12.1-32-15(3), that inmates are afforded the opportunity to register during their incarceration, and that impossibility is not a valid defense because he never tried to register and he told officers he refused to register.

[¶4]    The district court denied Norton's motion to dismiss, citing N.D.C.C. § 12.1-32-15(3) for registration requirements when a court has not previously ordered an individual to register in this state.  The court explained:

> At the hearing, the State laid out for the Court and for Norton the evidence the State anticipates it would present at trial, including three exhibits. The State contends that Norton was required to register due to his North Carolina convictions (as cited in the Complaint) being equivalent to Kidnapping, in violation of Section 12.1-18-01 of the North Dakota Century Code.
>
> Norton does not dispute his North Carolina convictions for Abduction of a Child and Second Degree Kidnapping . . . . Defendant Norton argued, however, that he was never ordered to register by the court in North Carolina which means he could not be required to register in North Dakota. Norton's argument was riddled almost entirely with hearsay statements which he argued came from his out-of-state attorneys, his federal probation officer and officials in North Carolina who purportedly told him he did not have to register.
>
> The Court finds there is no legal basis warranting dismissal of this complaint. The Court adopts the State's arguments as outlined in its [written response to the motion to dismiss] and those made at the hearing.
>
> The Court was not persuaded by Norton's arguments in favor of dismissal. Norton's arguments, in particular his argument that he did not have an opportunity to register due to being incarcerated. The Court concluded that they are more properly brought before a jury for a factual determination.

Norton entered a conditional guilty plea to the charge, reserving his right to appeal the denial of his motion to dismiss.


## II

[¶5]    Norton argues the district court erred in denying his motion to dismiss the charge of failure to register as an offender against children because the State cannot prove he was required to register. He contends the North Dakota registration requirements arising out of the 1997 North Carolina convictions when he was fifteen years old are a violation of his due process rights.  He argues:

that by being subjected to North Dakota registration requirements out of conviction(s) which occurred when he was 15 years of age in North Carolina, for which he was incarcerated, without being afforded a hearing in North Dakota to determine whether his due process rights, including a right to a jury trial in the underlying predicate conviction(s), and without being ordered by the North Carolina sentencing judge to register as an offender against children, is a violation of his due process rights, and that he is entitled to a reversal and remand to determine these matters by the trial court.

[¶6] The State responds the district court properly denied Norton's motion to dismiss. The State claims Norton was residing in Bismarck as early as June 28, 2017, and was notified on May 4, 2018, that he was required to register in Bismarck as an offender against children. The State claims Norton had not registered with any law enforcement agency as an offender against children as of May 17, 2018, and was subject to prosecution under N.D.C.C. § 12.1-32-15(1)(a) and (3)(c).

[¶7] In *State v. Jones*, 2002 ND 193, ¶ 19, 653 N.W.2d 668 (quoting *State v. Berger*, 2001 ND 44, ¶ 11, 623 N.W.2d 25), we described our standard of review of preliminary criminal proceedings such as a motion to dismiss:

> We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence.

Statutory interpretation is a question of law, fully reviewable on appeal. *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894.

[¶8] Section 12.1-32-15, N.D.C.C., describes registration requirements for offenders against children and for sexual offenders and provides, in part:

> 1. As used in this section:
>    a. "A crime against a child" means a violation of chapter 12.1-16, section 12.1-17-01.1 if the victim is under the age of twelve, 12.1-17-02, 12.1-17-04, subdivision a of subsection 6 of section 12.1-17-07.1, section 12.1-18-01, 12.1-18-02, 12.1-18-05, chapter 12.1-29, or section 14-09-22, subsection 3 of section 12.1-41-02, subsection 3 of section 12.1-41-03, or an equivalent offense from another court in the United States, a tribal court, or

3

court of another country, in which the victim is a minor or is otherwise of the age required for the act to be a crime or an attempt or conspiracy to commit these offenses.

. . . .

3. If a court has not ordered an individual to register in this state, an individual who resides, is homeless, or is temporarily domiciled in this state shall register if the individual:

   a. Is incarcerated or is on probation or parole after July 31, 1995, for a crime against a child described in section 12.1-29-02, or section 12.1-18-01 or 12.1-18-02 if the individual was not the parent of the victim, or as a sexual offender;

   b. Has pled guilty or nolo contendere to, or been adjudicated for or found guilty of, an offense in a court of this state for which registration is mandatory under this section or an offense from another court in the United States, a tribal court, or court of another country equivalent to those offenses set forth in this section; or

   c. Has pled guilty or nolo contendere to, or has been found guilty of, a crime against a child or as a sexual offender for which registration is mandatory under this section if the conviction occurred after July 31, 1985.

. . . .

9. An individual required to register under this section who violates this section is guilty of a class C felony. The failure of a homeless individual to register as required in subsections 2 and 3 is prima facie evidence of a violation of this section. The clerk of court shall forward all warrants issued for a violation of this section to the county sheriff, who shall enter all such warrants into the national crime information center wanted person file. A court may not relieve an individual, other than a juvenile, who violates this section from serving a term of at least ninety days in jail and completing probation of one year.

[¶9] In *Denault v. State*, 2017 ND 167, ¶ 15, 898 N.W.2d 452, we concluded the plain language of N.D.C.C. § 12.1-32-15(3) applied to individuals who have been convicted of equivalent sexual offenses in another state and who have not been ordered to register as a sexual offender by a court. We held N.D.C.C. § 12.1-32-15(3) imposed a statutory duty to register as a sexual offender regardless of a court order to register. *Denault,* at ¶ 15. The plain language of N.D.C.C. § 12.1-32-15(3) applies both to sexual offenders and to offenders against children.

4

[¶10] This record includes documentation that Norton pled guilty in 1997 in North Carolina General Court of Justice Superior Court Division to three criminal charges after being indicted by a grand jury. One of those charges was felonious abduction of a two-year-old child. Although Norton may have been a fifteen-year-old juvenile at the time of those offenses, the guilty pleas were in the North Carolina General Court of Justice Superior Court Division after a grand jury indictment and not in North Carolina's juvenile court. Norton does not dispute that the North Carolina convictions are "congruent" with North Dakota statutes for kidnapping and felonious restraint. *See* N.D.C.C. §§ 12.1-18-01 and 12.1-18-02. *See also* N.D.C.C. § 12.1-32-15(1)(a) (defining crime against a child for purposes of N.D.C.C. § 12.1-32-15 to include violations of N.D.C.C. §§ 12.1-18-01 and 12.1-18-02). For purposes of the registration requirements in N.D.C.C. § 12.1-32-15, Norton's North Carolina convictions are equivalent to the crimes of kidnapping and felonious restraint in N.D.C.C. §§ 12.1-18-01 and 12.1-18-02.

[¶11] Although the North Carolina Superior Court may not have required Norton to register or told him about registration requirements on the record, the plain language of N.D.C.C. § 12.1-32-15(3) applies to individuals who have not been ordered by a court to register as an offender against children and imposes a statutory duty to register. We conclude *Denault*, 2017 ND 167, ¶ 15, 898 N.W.2d 452, and the plain language of N.D.C.C. § 12.1-32-15(3) impose a statutory registration requirement on Norton regardless of a prior court order or instructions by a court to register as an offender against children.

[¶12] To the extent Norton argues his due process rights were violated, this Court has rejected a similar procedural due process claim to the mandatory registration requirements for sexual offenders. *State v. Backlund*, 2003 ND 184, ¶ 36, 672 N.W.2d 431 (stating the defendant's criminal conviction effectively provided him with procedural due process). Our decision in *Backlund* is dispositive of Norton's due process claim in this case.

[¶13]   Here, there was evidence that Norton was told about the statutory registration requirements by law enforcement officers in early May 2018 and that he refused to register.  We conclude Norton's prior conviction of an equivalent offense coupled with being informed of the statutory obligation to register is evidence of a willful violation of the statutory registration requirements.  We conclude the district court did not err in denying Norton's motion to dismiss.

III

[¶14]   We affirm the judgment.

[¶15]   Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.