# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 216

State of North Dakota,                                        Plaintiff and Appellee

   v.

Kimberly Long,                                              Defendant and Appellant

No. 20200050

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Danny L. Herbel, Bismarck, ND, for defendant and appellant.

# State v. Long
## No. 20200050

**Jensen, Chief Justice.**

[¶1]   Kimberly Long appeals from a criminal judgment entered following her conditional guilty plea to refusal to submit to a chemical test, a class B misdemeanor.  Long argues N.D.C.C. § 39-08-01(1)(f) is ambiguous, and the legislative history requires a driver to be informed of their right to refuse to take a test to determine their blood alcohol content.  We conclude N.D.C.C. § 39-08-01(1)(f) is not ambiguous and does not require a driver to be informed of a right to refuse to submit to a chemical test to determine their blood alcohol content. We affirm.

## I

[¶2]   The facts of this case are not in dispute.  On September 8, 2019, a highway patrol trooper found Long unconscious in the driver's seat of a vehicle parked in the median on a highway. After waking Long and briefly visiting with her, the trooper requested Long submit to a preliminary breath test to which she refused.  Long was placed under arrest and read an implied consent advisory.  The advisory contained language that refusal to submit to a chemical test was a crime as well as the potential penalties for refusing. The trooper's advisory did not inform Long of a right to refuse chemical testing.  Long refused to submit to the test and was subsequently charged with refusal to submit to chemical testing.

[¶3]   Long moved to dismiss the charge arguing N.D.C.C. § 39-08-01(1)(f) was ambiguous, and Long was not advised of her right to refuse the chemical test.  After a hearing, the court denied Long's motion to dismiss.  The district court found the statutory language of N.D.C.C. § 39-08-01(1)(f) was unambiguous and does not require an advisement of the right to refuse; any legislative intent to include a right to refusal is not reflected in the statutory language; and informing an individual of a right to refuse is incomplete or a misstatement of law.

1

[¶4] After the court's denial of her motion to dismiss, Long entered a conditional plea of guilty preserving her right to appeal. On appeal, Long argues N.D.C.C. § 39-08-01(1)(f) is ambiguous and, because it is ambiguous, extrinsic aids should be considered to ascertain the legislative intent of the statute. Long asserts the ambiguities in N.D.C.C. § 39-08-01(1)(f) arise from the statute's use of the term "consequences" and the phrase "consistent with the Constitution of the United States and the Constitution of North Dakota." Long contends, upon a review of the legislative history, an individual must be advised of a right to refuse the test, and the trooper did not comply with the legislative intent by failing to inform Long of her right to refuse the chemical test.

## II

[¶5] This Court reviews preliminary criminal proceedings such as a motion to dismiss as follows:

> We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence.

*State v. Norton*, 2019 ND 174, ¶ 7, 930 N.W.2d 190, (quoting *State v. Jones*, 2002 ND 193, ¶ 19, 653 N.W.2d 668). Interpretation of a statute is a question of law, fully reviewable on appeal. *Schulke v. Panos*, 2020 ND 53, ¶ 8, 940 N.W.2d 303 (citation omitted).

## III

[¶6] Our primary goal when interpreting a statute is to determine the intent of the legislature by first looking to the plain language of the statute and attempting to give each word, phrase, and sentence its ordinary meaning. *Schulke*, 2020 ND 53, at ¶ 8 (citations omitted). When a provision at issue is unambiguous, this Court looks to the plain language of the statute to ascertain its meaning. *State v. Comes*, 2019 ND 290, ¶ 7, 936 N.W.2d 114 (citing *State v.*

2

*Kostelecky*, 2018 ND 12, ¶ 8, 906 N.W.2d 77); *see also* N.D.C.C. § 1-02-05. If a statute is ambiguous a court may reference extrinsic aids, such as legislative history, to interpret the statute. *Denault v. State*, 2017 ND 167, ¶ 10, 898 N.W.2d 452. "A statute is ambiguous when it is susceptible to differing, but rational, meanings." *Schulke,* at ¶ 8 (quoting *Guthmiller v. Director*, *N.D. Dep't of Transp.*, 2018 ND 9, ¶ 8, 906 N.W.2d 73).

[¶7]  Statutes are construed as a whole and harmonized to give meaning to related provisions. *State v. Marcum*, 2020 ND 50, ¶ 21, 939 N.W.2d 840 (quoting *State v. Kuruc*, 2014 ND 95, ¶ 32, 846 N.W.2d 314). This Court considers the context of the statutes and the purposes for which they are enacted. *Id.* "We also consider the actual language, its connection with other clauses, and the words or expressions which obviously are by design omitted. In construing statutes and rules, the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another." *State v. Welch*, 2019 ND 179, ¶ 7, 930 N.W.2d 615 (quoting *Sanderson v. Walsh County*, 2006 ND 83, ¶ 16, 712 N.W.2d 842).

[¶8]  Section 39-08-01(1), N.D.C.C., provides, in part:

> 1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
> ….
> e. That individual refuses to submit to any of the following:
> (1) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-06.2-10.2 if the individual is driving or is in actual physical control of a commercial motor vehicle; or
> (2) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-20-01.

Subdivision f in N.D.C.C. § 39-08-01(1) was added during the 2019 legislative session and states, in part:

> Subdivision e does not apply to an individual unless the individual has been advised of the consequences of refusing a chemical test consistent with the Constitution of the United States and the Constitution of North Dakota.

A

[¶9] Long argues N.D.C.C. § 39-08-01(1)(f) is ambiguous for two reasons. First, Long asserts the statute is ambiguous because the consequences of refusal are not identified in the statutory language.

[¶10] The plain language of N.D.C.C. § 39-08-01(1)(f) requires a driver be advised of the consequences for refusing to submit to a chemical test before the individual's driving privileges are subject to restrictions under N.D.C.C. § 39-08-01(1)(e). The statutory language of N.D.C.C. § 39-08-01(1)(f) limits the advisory to "consequences of refusing," and nothing more is required. Furthermore, any interpretation of the statute including the right to refuse in the advisory is not rational because "rights" and "consequences" are not interchangeable in meaning. *See Black's Law Dictionary*, 369 (10th ed. 2014) (defining "consequence" as "a result that follows as an effect of something that came before"); *Black's Law Dictionary*, 1517 (10th ed. 2014) (defining, in part, "right" as "a power, privilege, or immunity secured to a person by law"). The mention of "consequences" implies the exclusion of "rights."

[¶11] Section 39-08-01(1)(f), N.D.C.C., does not provide for a driver to be advised of a right to refuse a chemical test. A right to refuse is not a consequence of refusal. As such, we conclude the statute unambiguously limits the advisory to inform drivers of the consequences of refusing a chemical test and does not extend to informing drivers of a right to refuse. Thus, the use of the word "consequences" does not render N.D.C.C. § 39-08-01(1)(f) ambiguous.

B

[¶12] In Long's second argument that N.D.C.C. § 39-08-01(1)(f) is ambiguous, she contends the phrase "consistent with the Constitution of the United States and the Constitution of North Dakota" is unclear. Long argues the phrase renders the statute ambiguous because the statute does not specify which state and federal provisions must be observed when an officer advises an individual of the consequences for refusing a chemical test.

[¶13] A statute is presumed to comply with the state and federal constitutions. N.D.C.C. § 1-02-38. An appellate court's job is to interpret the law the legislature has enacted and decide whether it is consistent with the Constitution. *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1485, 200 L. Ed. 2d 854 (2018). Our laws frequently use the phrase "consistent with the Constitution" to acknowledge the presumption of compliance with the state and federal constitutions. *See, e.g.*, N.D.C.C. § 21-09-03 ("All bonds heretofore issued by any public body for any purpose and in any manner *consistent with the constitution of the state*.… are hereby validated, ratified, approved and confirmed") (emphasis added); N.D.C.C. § 14-12.2-04(1)(g) (a state tribunal has jurisdiction over a nonresident individual or the individual's guardian or conservator if "[t]here is any other basis *consistent with the constitutions of this state and the United States* for the exercise of personal jurisdiction.") (emphasis added).

[¶14] Here, we find the phrase "consistent with the Constitution of the United States and the Constitution of North Dakota" in N.D.C.C. § 39-08-01(1)(f) does not require any specific provisions within the state or federal constitutions be included in an advisory of consequences for refusing. Rather, the plain language of the phrase establishes an unambiguous acknowledgement of the presumption that the statute, and the advisory therein, are in compliance with the state and federal constitutions. As such, the phrase "consistent with the Constitution of the United States and the Constitution of North Dakota" does not render N.D.C.C. § 39-08-01(1)(f) ambiguous.

## IV

[¶15] We conclude the language of N.D.C.C. § 39-08-01(1)(f) is clear and unambiguous, and the statute does not require a driver be informed of a right to refuse chemical testing. We need not resort to legislative history, or other extrinsic aids, to construe the plain language of that statute. The criminal judgment is affirmed.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Gerald W. VandeWalle
Jerod E. Tufte
Lisa Fair McEvers