# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 312

State of North Dakota,                                        Plaintiff and Appellee

　　　　v.

Dustin Allan Sackenreuter,                              Defendant and Appellant

## No. 20200176

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kari M. Agotness, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Christopher J. Thompson, West Fargo, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Dustin Sackenreuter appeals from a criminal judgment entered after his conditional guilty plea to refusing to take a chemical breath test. He argues that the implied consent advisory he received was insufficient under N.D.C.C. § 39-08-01(1)(f), that subsection (1)(f) is unconstitutionally void for vagueness, that subsection (1)(f) is ambiguous and should be interpreted in his favor, and that his special jury instructions should not have been rejected. We affirm.

I

[¶2]   Sackenreuter was stopped by a North Dakota Highway Patrol officer for alleged traffic violations on November 10, 2019. Following field sobriety tests, Sackenreuter was arrested for driving under the influence. Sackenreuter was read the implied consent advisory verbatim and asked to consent to an Intoxilyzer breath test. Sackenreuter replied he would not. The state trooper advised Sackenreuter, "I should also inform you that refusal to take the chemical test I am requesting is a crime under ND law." Sackenreuter again refused to provide a breath sample for chemical testing.

[¶3]   On January 27, 2020, a hearing was held on Sackenreuter's motion to dismiss the charges and to enjoin the State from bringing similar charges at trial. Sackenreuter argued N.D.C.C. § 39-08-01(1)(f) was void for vagueness, or in the alternative he was not advised of the consequences of refusal in accordance with the statute. The district court denied Sackenreuter's motion.

[¶4]   The district court also rejected Sackenreuter's three special proposed jury instructions. The first stated, "The charge of DUI Refusal does not apply to an individual unless the individual has been advised of the consequences of refusing a chemical test consistent with the Constitution of the United States and the Constitution of North Dakota." The second instruction quoted

1

N.D.C.C. §§ 39-08-01(5)(a)-(d) and 39-20-01(3)(a). The third instruction modified North Dakota Pattern Jury Instruction K 21.10 by adding the language of N.D.C.C. § 39-08-01(1)(f) as an essential element of the offense of DUI refusal. Following his motion to dismiss and rejection of his proposed jury instructions, Sackenreuter entered a conditional guilty plea, preserving his right to appeal the district court's decisions. Judgment was entered on June 30, 2020.

## II

[¶5] Sackenreuter argues N.D.C.C. § 39-08-01(1)(f) is unconstitutionally vague, or otherwise ambiguous. On these two issues, we summarily affirm under N.D.R.App.P. 35.1(a)(7). *See State v. Long*, 2020 ND 216, ¶ 15, 950 N.W.2d 178 (holding the language of N.D.C.C. § 39-08-01(1)(f) is clear and unambiguous).

## III

[¶6] Sackenreuter argues the district court erred in denying his special jury instructions. He asserts two of the instructions were almost verbatim from N.D.C.C. §§ 39-08-01(1)(f) and (5)(a)-(d). Sackenreuter claims whether he was advised of the consequences of refusal is a question of fact for the jury to decide. According to Sackenreuter, it would be impossible for a jury to find whether he was advised of the consequences without being instructed as to what the consequences were.

[¶7] Addressing whether a district court erred in rejecting proposed jury instructions would be an advisory opinion where the defendant entered a conditional guilty plea. *State v. Hammer*, 2010 ND 152, ¶ 32, 787 N.W.2d 716. Here, no jury instructions were given because no trial was held after Sackenreuter entered a conditional guilty plea. Reviewing the district court's decision rejecting Sackenreuter's proposed jury instructions would be advisory and we decline to address this argument.

## IV

[¶8]   The criminal judgment is affirmed.

[¶9]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte