In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4132

MITCHELL ROSIN,

*Plaintiff-Appellant*,

*v.*

JONATHON E. MONKEN, Director,
Illinois State Police; and TRACY NEWTON,
Supervisor, Sex Offender Registration,
Illinois State Police,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08-C-3541—**Samuel Der-Yeghiayan**, *Judge*.

ARGUED NOVEMBER 12, 2009—DECIDED MARCH 17, 2010

Before CUDAHY, MANION, and WILLIAMS, *Circuit Judges.*

CUDAHY, *Circuit Judge.* After he was required to register as a sex offender in Illinois, Mitchell Rosin brought suit under 42 U.S.C. § 1983, alleging that the defendants failed to give full faith and credit to the March 27, 2003 judgment of a New York court. In that

order, the court accepted a plea agreement that did not require Rosin to register as a sex offender in New York. He contends that Illinois is constitutionally required to give effect to the New York judgment and thus cannot, on the basis of that order, force him to register as a sex offender within its jurisdiction. The district court granted defendants' motion to dismiss, finding that the registration requirement in the New York order was merely stricken, which left the order silent on the subject. Since the plea agreement did not purport to prevent any state other than New York from registering Rosin as a sex offender, and because any such provision would have been ineffective even if it had been included, we affirm.

## I. BACKGROUND

Mitchell Rosin was a resident of Oak Park, Illinois from 2000 until 2008, when he was informed by the Commander of the Oak Park Police Department that he would have to move from the area and would also have to register as a sex offender in Illinois for life.

The impetus for the Commander's actions lay in a 2003 incident in New York, with respect to which Rosin pleaded guilty to sexual abuse in the third degree. This offense, which involves non-consensual sexual contact, is a Class B misdemeanor under New York law. N.Y. Penal Law § 130.55. As part of the plea agreement, the parties struck paragraph 29 of the standard plea form. That paragraph provides:

> You shall be required to comply with the provisions of the Sex Offender Registration Act, including, but not

limited to the duty to register as a sex offender
with the New York State Division of Criminal Justice
Services and the duty to register with the New York
State Division of Criminal Justice Services and notify
the law enforcement agency where you reside
within ten days prior to any change of address.

Rosin vehemently contends that he would never have
entered into that plea agreement but for the prosecutor's
assurances that he would never have to register as a sex
offender, either in New York or in any other state. He
asserts that it was pursuant to this consensus that the
parties struck paragraph 29.

When Rosin was required to register under the
Illinois Sex Offender Registration Act, 730 ILL. COMP.
STAT. 150/1 *et seq.*, he filed suit against Jonathon E.
Monken and Tracy Newton, who are responsible for establishing and enforcing Illinois sex-offender registration
policies, respectively. Rosin brought the present action
under 42 U.S.C. § 1983, alleging that the defendants'
actions violated his constitutional rights as guaranteed
by the Full Faith & Credit Clause of the U.S. Constitution.
U.S. CONST., Art. IV, § 1.

## II. DISCUSSION

The appellant in the present case may consider his
situation to be somewhat unjust. Rosin, having pleaded
guilty to a misdemeanor offense of non-consensual sexual
contact in New York under assurances that he would not
be required to register, has nevertheless been made

subject to mandatory life-long registration by Illinois. He has also been required to leave his desired residence of eight years.

Nevertheless, that Illinois's sex-offense registration laws may be draconian in the current application does not render them invalid. Rosin contends, with apparent reasonableness, that the Full Faith and Credit Clause of the U.S. Constitution requires Illinois to recognize the New York Order of Probation. *See Matsushita Electric v. Epstein*, 516 U.S. 367, 373 (1996); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982); *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). But he then goes a step further by arguing that the New York order controls the manner in which Illinois can provide protection within its own borders. In particular, Rosin asserts that Illinois is constitutionally prohibited from requiring him to register as a sex offender on the basis of his 2003 conviction. He maintains this position despite the conspicuous absence in the order of any provision relieving him of an obligation to register. Nor does the order purport to prevent any other state from requiring him to register.

The absence of such language is dispositive, for without it there is no judgment to which Illinois is required to afford full faith and credit. The printed provision in the Order that would require Rosin to register *in New York* as a sex offender was simply crossed out. No affirmative provision was added. Despite Rosin's protestations to the contrary, this section's being eliminated cannot fairly be construed as an attempt by New York to

preclude other states from requiring him to register. And, of course, New York has no extra-territorial jurisdiction to exercise police power in Illinois. *See, e.g.,* *Bigelow v. Virginia*, 421 U.S. 809, 827-28 (1975).

The appellant nevertheless argues that paragraph 29's being struck has the same legal effect as would an affirmative provision providing that he need not register in New York or any other state. He points out that New York could not now attempt to require him to register. Assuming, arguendo, that paragraph 29's being deleted should be interpreted in this manner, Rosin still cannot prevail.

The purpose of the Full Faith and Credit Clause "was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." *Baker v. General Motors Corp.,* 522 U.S. 222, 232 (1998) (quoting *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 277 (1935)). By virtue of its "exacting" operation with respect to judgments, the Full Faith and Credit Clause results in "the judgment of the rendering State [gaining] nationwide force." *Id.* at 233. The primary operational effect of the Clause's application is "for claim and issue preclusion (res judicata) purposes." *Id.* at 233.

These observations are unremarkable. But it is a profound mistake to jump from them to the conclusion that New York can dictate the manner in which Illinois

may protect its citizenry. Illinois's recognition of the New York order does not carry with it an obligation that Illinois enforce that order in the manner which it apparently prescribes. True, it is generally no defense for a state to decline to recognize a foreign judgment on account of its public policy. *See Baker*, 522 U.S. at 233 (noting that "our decisions support no roving 'public policy exception' to the full faith and credit due *judgments*") (emphasis original). But an important exception exists. In *Baker*, the Supreme Court made clear that the Full Faith and Credit Clause cannot be used by one state to interfere impermissibly with the exclusive affairs of another. *Baker*, 522 U.S. at 239 n.12 (holding that a Michigan judgment was not entitled to full faith and credit because it impermissibly interfered with Missouri's control of litigation brought by parties who were not before the Michigan court).

Illinois need not dispense with its preferred mechanism for protecting its citizenry by virtue merely of a foreign judgment that envisioned less restrictive requirements' being imposed on the relevant sex offender. Illinois, as a state of the Union, has police power over the health and welfare of its citizens. *See Barbier v. Connolly*, 113 U.S. 27, 31 (1885) (observing that a state's police power permits it to enact laws promoting "the health, peace, morals, education, and good order of the people"); *United States v. Salerno*, 481 U.S. 739, 747 (1987) ("There is no doubt that preventing danger to the community is a legitimate regulatory goal."). The Supreme Court has regularly upheld states' exercise of their police powers to protect their citizens against sexual predators. *See, e.g., Smith v.*

*Doe*, 538 U.S. 84 (2003); *Kansas v. Hendricks*, 521 U.S. 346 (1997). As in *Baker*, the New York court in the present case "cannot command obedience elsewhere on a matter the [New York] court lacks authority to resolve." *Baker*, 522 U.S. at 240. New York has no authority to dictate to Illinois the manner in which it can best protect its citizenry from those convicted of sex offenses.

Nor is this a case in which a state's police power conflicts with the U.S. Constitution or an Act of Congress, for this would require state law to give way by virtue of the Supremacy Clause. *See, e.g.*, *Morris v. Jones*, 329 U.S. 545, 552-53 (1947). The Full Faith and Credit Clause was enacted to preclude the same matters' being relitigated in different states as recalcitrant parties evade unfavorable judgments by moving elsewhere. It was never intended to allow one state to dictate the manner in which another state protects its populace. This being the case, there is no tension between Illinois's police power and the Full Faith and Credit Clause here. As a result, New York could promise Rosin only that he would never have to register as a sex offender within its own jurisdiction. Rosin could not bargain for a promise from New York as to what other states would do based on his guilty plea to sexual abuse in the third degree, for New York had no power to make such a promise.

## III. CONCLUSION

The district court correctly dismissed Rosin's lawsuit because the New York order was silent as to registration

in any other state. Absent such language, there is no relevant provision to which Illinois must give full faith and credit. Even if there had been such a provision, however, New York lacks power to dictate the means by which Illinois can protect its public. The judgment of the district court is therefore

AFFIRMED.