EUGENE WILLIAM DONLAN, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 54689

April 28, 2011                    249 P.3d 1231

*Terrence M. Jackson*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City,
and *Binu G. Palal*, Deputy Attorney General, Carson City, for
Respondent.

Before the Court EN BANC.

# OPINION

By the Court, CHERRY, J.:

In this appeal, we consider whether someone convicted of a sex offense in another state who now resides in Nevada must continue to register as a sex offender in Nevada even though the requirement to register as a sex offender in the other state has since been terminated by an executive branch administrative action of that state. We conclude that the Full Faith and Credit Clause does not require Nevada to dispense with its preferred mechanism for protecting its citizenry by virtue of termination of the duty to register in another state. Accordingly, we affirm the district court's order denying appellant's petition to terminate his duty to register as a sex offender in Nevada.

## *FACTS*

In August 1985, appellant Eugene W. Donlan pleaded guilty to the crime of lewd and lascivious behavior on a child in California and was sentenced to probation. According to Donlan, his probation was subsequently terminated, the charges against him were reduced to a misdemeanor, and the conviction was later dismissed and set aside under California statutory law.

In March 1986, Donlan began registering as a sex offender in the State of California. In December 2005, he moved to Gardnerville, Nevada. He has since relocated to Pahrump, Nevada. Donlan has continually registered with the State of Nevada as a sex offender since moving to this state. In July 2009, almost 25 years after his conviction, the California Department of Justice, under

the auspices of the California Attorney General, terminated Donlan's requirement to register in California as a sex offender through a notification letter.

Thereafter, Donlan filed a petition in the Fifth Judicial District Court in Nye County, Nevada, to terminate his requirement to register as a sex offender in the State of Nevada, which was opposed by the Nevada Attorney General. In September 2009, after a hearing was held on the petition, the district court denied Donlan's petition to terminate his duty to register as a sex offender in the State of Nevada. On appeal, Donlan contends that the district court abused its discretion in denying his petition to terminate his duty to register as a sex offender.

## DISCUSSION

Donlan argues that the Full Faith and Credit Clause of the United States Constitution requires Nevada to recognize California's termination of his requirement to register as a sex offender. We disagree because California "lacks power to dictate the means by which [Nevada] can protect its public." *Rosin v. Monken*, 599 F.3d 574, 577 (7th Cir. 2010).

The Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. art. IV, § 1; *see Nevada v. Hall*, 440 U.S. 410, 421 (1979); *Mason v. Cuisenaire*, 122 Nev. 43, 47, 128 P.3d 446, 448 (2006). "The purpose of the Full Faith and Credit Clause ' "was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin." ' " *Rosin*, 599 F.3d at 576 (quoting *Baker v. General Motors Corp.*, 522 U.S. 222, 232 (1998) (quoting *Milwaukee County v. White Co.*, 296 U.S. 268, 277 (1935))). While it is clear that the California executive branch administrative decision based on California statutory law is not a final judgment under the Full Faith and Credit Clause, we need not decide whether California's decision to terminate Donlan's duty to register is a public act or record because the Supreme Court has "clearly establishe[d] that the Full Faith and Credit Clause does not require a State to apply another

State's law in violation of its own legitimate public policy." *Hall*, 440 U.S. at 421-22.[1] The Court has reasoned that "the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though the statute is of controlling force in the courts of the state of its enactment." *Pacific Ins. Co. v. Comm'n*, 306 U.S. 493, 502 (1939); *see Hall*, 440 U.S. at 422-23. Therefore, "the Full Faith and Credit Clause cannot be used by one state to interfere impermissibly with the exclusive affairs of another." *Rosin*, 599 F.3d at 577; *see Baker*, 522 U.S. at 239 n.12 (holding that Michigan judgment was not entitled to full faith and credit because it impermissibly interfered with Missouri's control of litigation brought by parties who were not before the Michigan court).

Even if California imposes less restrictive requirements upon sex offenders, "[California] has no authority to dictate to [Nevada] the manner in which it can best protect its citizenry from those convicted of sex offenses." *Rosin*, 599 F.3d at 577. "The Full Faith and Credit Clause does not compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.'" *Baker*, 522 U.S. at 232 (quoting *Pacific Ins. Co.*, 306 U.S. at 501); *see Franchise Tax Bd. of Cal. v. Hyatt*, 538 U.S. 488, 494 (2003) ("The State of Nevada is undoubtedly 'competent to legislate' with respect to . . . one of its citizens within its borders."). As such, Nevada does not need to dispense with its preferred mechanism for protecting its populace by virtue of a California executive branch administrative action that terminated Donlan's requirement to register as a sex offender. *Rosin*, 599 F.3d at 577; *see Clint Hurt & Assocs. v. Silver State Oil*, 111 Nev. 1086, 1088, 901 P.2d 703, 705 (1995). To the contrary, the California action only assures Donlan that he does not have to register as a sex offender within the jurisdiction of California. *See Rosin*, 599 F.3d at 577. That notwithstanding, Nevada is free to protect its populace from individuals convicted of sex offenses by enforcing its own registration requirements. *See ASAP Storage, Inc. v. City of Sparks*, 123 Nev.

---

[1] "Regarding judgments . . . the full faith and credit obligation is exacting[:] A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker*, 522 U.S. at 233; *see Adams v. Adams*, 107 Nev. 790, 792, 820 P.2d 752, 754 (1991) ("The full faith and credit doctrine requires each state to give effect to the judicial proceedings of other states."). While there is not a roving public policy exception to the Full Faith and Credit Clause concerning judgments, the same cannot be said for public acts, records, and statutes. *Finstuen v. Crutcher*, 496 F.3d 1139, 1152 (10th Cir. 2007) ("In applying the Full Faith and Credit Clause, the Supreme Court has drawn a distinction between statutes and judgments.").

639, 646 n.15, 173 P.3d 734, 739 n.15 (2007) (recognizing that the Legislature's police power is essential for the protection and preservation of the public safety); *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 559, 170 P.3d 508, 513 (2007) ("Police power confers upon the states the ability to enact laws in order to protect the safety, health, morals, and general welfare of society.").

Because California lacks the power to prescribe the manner in which Nevada can protect its citizenry, we affirm the district court's order denying Donlan's petition to terminate his duty to register as a sex offender.[2]

DOUGLAS, C.J., and SAITTA, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[2]NRS 179D.490, the statute governing the duration and termination of a sex offender's duty to register, was amended in 2007 in Assembly Bill (A.B.) 579. 2007 Nev. Stat., ch. 485, § 41, at 2770-71. The new sex offender registry requirements were to go into effect in July 2008. *Id.* § 57, at 2780. However, the United States District Court for the District of Nevada preliminarily and then permanently enjoined the State of Nevada from enforcing the new requirements of Nevada's sex offender registration laws, including those in NRS 179D.490, in *American Civil Liberties Union v. Cortez Masto*, 719 F. Supp. 2d 1258 (2008) (enjoining the enforcement of A.B. 579, which included amendments to NRS 179D.490). The permanent injunction has been appealed to the Ninth Circuit Court of Appeals and a decision has not been rendered. The parties and the district court did not have an opportunity to determine the appropriateness of NRS 179D.490 as a consequence of the injunction. In this appeal, Donlan also argues that NRS 179D.490 is constitutionally defective because it does not provide a remedy for a person in his position, and that NRS 179D.490 violates the Equal Protection Clauses of both the United States and Nevada Constitutions. Since the amendments to NRS 179D.490 have been permanently enjoined, we do not reach the merits of these questions.