The plaintiff, Richard Guerriero, appeals from a judgment dismissing his amended complaint against the town of Hanover. He maintains that his complaint sufficiently alleged violations of: (1) articles 4 and 29 of the Declaration of Rights of the Massachusetts Constitution (Declaration of Rights); (2) the full faith and credit clause, United States Constitution Art. IV, § 1 (full faith and credit clause); and (3) the Massachusetts Civil Rights Act, G. L. c. 12, § 11I. We affirm.
 

 Discussion
 
 . On appeal, "[w]e review the allowance of a motion to dismiss de novo."
 
 Curtis
 
 v.
 
 Herb Chambers I-95, Inc
 
 .,
 
 458 Mass. 674
 
 , 676 (2011). All allegations made in the amended complaint are taken as true and we draw every reasonable inference in the plaintiff's favor. See
 
 Burbank Apartments Tenant Assn
 
 . v.
 
 Kargman
 
 ,
 
 474 Mass. 107
 
 , 116 (2016). To survive a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), as amended,
 
 365 Mass. 754
 
 (1974), the facts alleged in the amended complaint, "and the reasonable inferences drawn therefrom, must ' "plausibly suggest[ ]" ... an entitlement to relief.' "
 
 Flagg
 
 v.
 
 AliMed, Inc
 
 .,
 
 466 Mass. 23
 
 , 26-27 (2013), quoting from
 
 Iannacchino
 
 v.
 
 Ford Motor Co
 
 .,
 
 451 Mass. 623
 
 , 636 (2008).
 

 Guerriero alleges the following. In May, 2014, "the Vermont Superior Court issued a Certificate of Expungement related to certain matters regarding [the plaintiff] that had occurred in Vermont in 1996." In December, 2015, the Hanover, Massachusetts, police department sent an information request regarding Guerriero to the Burlington, Vermont, police department. In response, the Burlington police department sent the Hanover police department information that was subject to the 2014 expungement order. A few months later, the Burlington police department notified the Hanover police department that the information was sent in error, and asked the Hanover police department to destroy the information and cease considering it. The Hanover police department declined to destroy the records. In June, 2016, the Vermont Superior Court issued another Certificate of Expungement relating to a different matter "regarding [the plaintiff] that had occureed [
 
 sic
 
 ] in Vermont in 1996."
 

 Counts I and II of the amended complaint allege violations of art. 4 and art. 29 of the Declaration of Rights; count III of the plaintiff's amended complaint alleges a violation of the full faith and credit clause.
 
 [2]
 

 In his appellate brief, Guerriero assumes that there is a direct right of action under both the Declaration of Rights and the Federal full faith and credit clause. This suggestion is made without citation to controlling authority. This "abbreviated and conclusory claim does not rise to the level of appellate argument."
 
 Adams
 
 v.
 
 Adams
 
 ,
 
 459 Mass. 361
 
 , 392 (2011). Further, the plaintiff provides no authority for the proposition that his rights under these provisions have been violated. These contentions likewise do not rise to the level of appellate argument. See Mass.R.A.P. 16(a)(4), as amended,
 
 367 Mass. 921
 
 (1975);
 
 Kellogg
 
 v.
 
 Board of Registration in Med
 
 .,
 
 461 Mass. 1001
 
 , 1003 (2011).
 
 [3]
 

 It appears from the briefs that the genesis of this dispute lies in the request of the town of Hanover (town) for information pertaining to the plaintiff's application for a gun permit, and the town's claim that it has the right to retain the information in connection with that application. However, Guerriero did not appeal from the denial of the permit, he has not made any allegations concerning the permit, and that issue is not before us.
 

 Count IV of the amended complaint does allege a violation of G. L. c. 12, § 11I, which would provide a vehicle for any claims of constitutional violations. However, the town is a municipality and is immune from claims under § 11. See
 
 Howcroft
 
 v.
 
 Peabody
 
 ,
 
 51 Mass. App. Ct. 573
 
 , 591-593 (2001) (municipalities and those acting in their official municipal capacities are not "persons" within the meaning of the statute).
 

 Even if the town fell within the statute's coverage, Guerriero fails to allege sufficient facts to show the requisite existence of "threats, intimidation, or coercion." See
 
 Planned Parenthood League of Mass., Inc
 
 . v.
 
 Blake
 
 ,
 
 417 Mass. 467
 
 , 474 (1994). The plaintiff alleges no threat or use of force. See
 
 Kennie
 
 v.
 
 Natural Resources Dept. of Dennis
 
 ,
 
 451 Mass. 754
 
 , 763 (2008) ("Both threats and intimidation often rely on an element of actual or threatened physical force"). Nor has he pleaded "physical, moral, or economic" coercion sufficient to satisfy the statute's requirements.
 

 Ibid
 

 .
 
 Here, the town did not attempt to force the plaintiff to do anything. It did not threaten to keep his records; it asserted a right to do so. "[A] direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do."
 
 Swanset Dev. Corp
 
 . v.
 
 Taunton
 
 ,
 
 423 Mass. 390
 
 , 396 (1996), quoting from
 
 Freeman
 
 v.
 
 Planning Bd. of W. Boylston
 
 ,
 
 419 Mass. 548
 
 , 565, cert. denied,
 
 516 U.S. 931
 
 (1995). Contrast
 
 Kennie
 
 ,
 

 supra
 

 .
 
 Guerriero alleges that he is concerned about how and when his records may be used, but that is a direct consequence of the town's decision, not an act of coercion.
 

 The complaint was properly dismissed.
 

 Judgment affirmed
 
 .
 

 Article 4 of the Declaration of Rights states:
 

 "The people of this [C]ommonwealth have the sole and exclusive right of governing themselves, as a free, sovereign, and independent state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, which is not, or may not hereafter, be by them [expressly] delegated to the United States of America in Congress assembled."
 

 Article 29 provides in pertinent part:
 

 "It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit."
 

 For example, there is varying authority within the circuits of the United States Court of Appeals whether, or to what extent, a claimed violation of the full faith and credit clause may be brought under
 
 42 U.S.C. § 1983
 
 . Compare, e.g.,
 
 Adar
 
 v.
 
 Smith
 
 ,
 
 639 F.3d 146
 
 , 151-157 (5th Cir.), cert. denied,
 
 565 U.S. 942
 
 (2011), with
 
 Finstuen
 
 v.
 
 Crutcher
 
 ,
 
 496 F.3d 1139
 
 , 1156 (10th Cir. 2007), and
 
 Rosin
 
 v.
 
 Monken
 
 ,
 
 599 F.3d 574
 
 , 576-577 (5th Cir. 2010). See Rohlfing, Full Faith and Credit and Section 1983,
 
 75 U. Pitt. L. Rev. 121
 
 (2013). The plaintiff did not plead a § 1983 claim, and these issues have not been addressed on appeal.