Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 27

In the Interest of C.B., a Child

State of North Dakota, Petitioner and Appellee

v.

C.B., Child, Respondent and Appellant

         and

M.P., Mother, A.B., Father,                                                                       Respondents

No. 20170155

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Conor Kennelly, Assistant State’s Attorney, Bismarck, N.D., for petitioner and appellee.

Bradley D. Peterson, Bismarck, N.D., for respondent and appellant.

Interest of C.B.

No. 20170155

McEvers, Justice.

[¶1] C.B. appeals a juvenile court order adopting a judicial referee’s order finding C.B. committed the delinquent act of failure to register as a sex offender.  C.B. also appeals from a juvenile court order denying his motion to dismiss the State’s petition.  We affirm.

I

[¶2] In June 2012, C.B. pled guilty to “assault IV with sexual motivation” in Washington state.  The adjudication and disposition order did not require C.B. to register as a sex offender in Washington.  In the fall of 2012, C.B. moved to North Dakota with his father.

[¶3] At the request of the juvenile court, C.B. registered as a sex offender in North Dakota in November 2013.  In May 2015, C.B. updated his registration at the Bismarck Police Department.  The updated registration included a new address, new employment, and a Facebook account.  After updating his registration, an assistant Burleigh County state’s attorney issued a juvenile petition to C.B. for committing the delinquent act of failure to register as a sex offender.  The petition alleged C.B. failed to timely “alert law enforcement to a new job, a new place of residence, a telephone number or his facebook account.”

[¶4] C.B. moved to dismiss the petition, arguing he should not be required to register as a sex offender.  At the October 16, 2015, hearing on the motion, an assistant attorney general testified C.B.’s assault IV with sexual motivation in Washington was equivalent to a class A misdemeanor sexual offense in North Dakota that requires registration.  At the conclusion of the hearing, the judicial referee stated he was dismissing the petition, and issued an order of dismissal.  On October 19, 2015, the referee rescinded the order of dismissal, stating he decided the motion wrongly due to a legal error.  The judicial referee provided notice to the parties the same day that they had the right to have the order reviewed by a juvenile court judge if the request was made within seven days.  C.B. did not request review of the order.

[¶5] C.B. again moved to dismiss the petition in November 2015, arguing the judicial referee exceeded his authority when he rescinded the order dismissing the petition.  The referee denied the motion.  C.B. sought review of the referee’s decision from the juvenile court.  The juvenile court adopted the referee’s decision denying the motion.

[¶6] C.B. filed another motion to dismiss in December 2015, arguing the State failed to give full faith and credit to the Washington order that did not require C.B. to register as a sex offender.  The judicial referee denied C.B.’s motion, concluding the Full Faith and Credit Clause of the U.S. Constitution did not prohibit North Dakota from requiring C.B. to register in this state.

[¶7] Before the State questioned its first witness at the January 2016 trial, C.B. verbally moved to dismiss the petition.  C.B. argued that after the judicial referee dismissed the petition, double jeopardy prohibited C.B. from being tried for failure to register as a sex offender.  C.B. also raised an Equal Protection claim at the trial.  The judicial referee denied the motions and subsequently found C.B. committed the delinquent act of failure to register as a sex offender.  At the dispositional hearing in August 2016, the referee placed C.B. with the North Dakota Division of Juvenile Services for twelve months.  The juvenile court adopted the referee’s findings of fact and order after C.B. requested a review of the referee’s decision.

II

[¶8] C.B. argues the judicial referee’s dismissal order following the hearing on C.B.’s motion to dismiss terminated original jeopardy in this proceeding, making further prosecution unconstitutional under double jeopardy principles.  This Court reviews constitutional arguments de novo.  
State v. Peterson
, 2016 ND 192, ¶ 8, 886 N.W.2d 71.

[¶9] As an initial matter, we note C.B. only appealed from: (1) the juvenile court’s March 2017 order adopting the judicial referee’s denial of C.B.’s motion to dismiss based on double jeopardy at trial; and (2) the judicial referee’s January 2016 order denying C.B.’s motion to dismiss on the basis of full faith and credit.  He did not appeal from nor seek juvenile court review of the referee’s order rescinding the order dismissing the petition.  He also did not appeal the juvenile court order adopting the referee’s denial of C.B.’s November 2015 motion to dismiss relating to the referee’s authority to rescind the order dismissing the petition.  Therefore, he is precluded from attempting to raise issues challenging the referee’s order rescinding the order dismissing the petition.  To the extent C.B.’s argument relating to double jeopardy claims the judicial referee did not have authority to rescind the order dismissing the petition, his argument fails.

[¶10] We agree with C.B. that it was procedurally improper under N.D.R.Juv.P. 16 for the judicial referee to rescind the order of dismissal sua sponte for a number of reasons which are unnecessary to this opinion.  However, the remedy for C.B. was to request a de novo review of that order under N.D. Sup. Ct. Admin. R. 13 § 11(a).  A judicial referee’s order becomes final if it is not superseded by a written order of the juvenile court.  
See
 
Interest of B.F.
, 2009 ND 53, ¶ 15, 764 N.W.2d 170 (discussing finality of referee’s orders under N.D. Sup. Ct. Admin. R. 13).

[¶11] C.B. raised the issue relating to the referee’s authority again in his request for review brought post-disposition.  In its March 2017 order adopting the judicial referee’s findings, the juvenile court, after a de novo review, concluded the referee’s ruling in the order dismissing the petition was based on a mistaken legal issue.  The legal issue was whether C.B.’s sexual offense in Washington was the equivalent of a North Dakota offense for which registration as a sex offender was required.  C.B. does not argue on appeal that the Washington offense was not the equivalent of a North Dakota offense requiring registration.

[¶12] C.B. argues double jeopardy prohibited the judicial referee from adjudicating him a delinquent child.  “The double jeopardy provisions of the federal and state constitutions, and state law, prohibit successive prosecutions and punishments for the same criminal offense.”  
State v. Voigt
, 2007 ND 100, ¶ 11, 734 N.W.2d 787 (citing U.S. Const. amend. V; N.D. Const. art. I, § 12; N.D.C.C. § 29-01-07).  The double jeopardy clause applies to juvenile delinquency proceedings.  
Interest of M.H.P.
, 2013 ND 61, ¶ 13, 830 N.W.2d 216.  A defendant cannot avail himself of double jeopardy protections until he has first been put into jeopardy.  
State v. Foley
, 2000 ND 91, ¶ 6, 610 N.W.2d 49.  In a bench trial, jeopardy attaches when the court begins to hear the evidence.  
Id.

[¶13] Here, jeopardy did not attach at the October 2015 hearing on C.B.’s motion to dismiss because it was not a trial on factual questions relating to whether C.B. committed the delinquent act of failure to register as a sex offender.  
See
 
State v. Hammond
, 498 N.W.2d 126, 129 (N.D. 1993) (“A pretrial motion to dismiss cannot be converted into a summary trial of evidence, thereby depriving the fact finder . . . of its exclusive function of determining factual questions which have a bearing on a defendant’s guilt or innocence.”).  Jeopardy attached at the January 2016 bench trial.  Because jeopardy did not attach at the October 2015 hearing, C.B. was not subject to double jeopardy at the January 2016 trial.  The juvenile court did not err in ruling that double jeopardy was not implicated at trial following the judicial referee’s order rescinding the order of dismissal.

III

[¶14] C.B. argues the State failed to give full faith and credit to the Washington order that did not require him to register as a sex offender.  He argues he should not have been required to register in North Dakota.

[¶15] The Full Faith and Credit Clause of the United States Constitution requires states to give full faith and credit to the judicial proceedings of another state.  U.S. Const. art. IV, § 1; 
1st Summit Bank v. Samuelson
, 1998 ND 113, ¶ 12, 580 N.W.2d 132.  “Full faith and credit, however, does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments.”  
Baker by Thomas v. Gen. Motors Corp.
, 522 U.S. 222, 235 (1998). “Enforcement measures do not travel with the sister state judgment.”  
Id.

[¶16] In 
Denault v. State
, 2017 ND 167, 898 N.W.2d 452, this Court addressed a similar argument relating to registration of out-of-state offenders.  In 
Denault
, a petitioner sought declaratory relief arguing that because he was not required to register as a sex offender in Minnesota, he was not required to register as a sex offender in North Dakota.  
Id.
 at ¶ 2.  We discussed N.D.C.C. § 12.1-32-15(3), the statute requiring Denault to register as a sex offender in North Dakota:

Section 12.1-32-15(3), N.D.C.C., imposes a duty to register on an individual in this state when convicted of certain offenses in another state, providing in part:

If a court has not ordered an individual to register in this state, an individual who resides, is homeless, or is temporarily domiciled in this state shall register if the individual:

. . . .

b. 
Has pled guilty
 or nolo contendere 
to
, or been adjudicated for or found guilty of, an offense in a court of this state for which registration is mandatory under this section or 
an offense from another court in the United States
, a tribal court, or court of another country 
equivalent to those offenses set forth in this section
. . . .

Denault
, at  ¶ 11.  We held the plain language of N.D.C.C. § 12.1-32-15(3) applies to an individual who has not been ordered to register as a sex offender by a court in another state.  
Denault
, at ¶ 15.  “The legislature imposed this statutory duty to register on certain specified individuals.”  
Id.
  Therefore, Denault was required to register as a sex offender in North Dakota under N.D.C.C. § 12.1-32-15(3).  
Denault
,  at ¶ 15.

[¶17] C.B.’s full faith and credit argument was addressed in 
Rosin v. Monken
, 599 F.3d 574 (7th Cir. 2010).  Mitchell Rosin pled guilty to a misdemeanor offense of non-consensual sexual contact in New York.  
Id.
 at 575.  The plea agreement accepted by the court did not require him to register as a sex offender.  
Id.
  Rosin then moved to Illinois and was required to register as a sex offender.  
Id.
  He argued the Full Faith and Credit Clause of the U.S. Constitution required Illinois to recognize the New York order, and Illinois could not require him to register as a sex offender.  
Id.
 at 576.  The court held the Full Faith and Credit Clause did not prohibit Illinois from requiring Rosin to register as a sex offender:

The Full Faith and Credit Clause was enacted to preclude the same matters being relitigated in different states as recalcitrant parties evade unfavorable judgments by moving elsewhere.  It was never intended to allow one state to dictate the manner in which another state protects its populace.  This being the case, there is no tension between Illinois’s police power and the Full Faith and Credit Clause here.  As a result, New York could promise Rosin only that he would never have to register as a sex offender within its own jurisdiction.  Rosin could not bargain for a promise from New York as to what other states would do based on his guilty plea to sexual abuse in the third degree, for New York had no power to make such a promise.

Id.
 at 577.

[¶18] When C.B. was adjudicated a delinquent child, N.D.C.C. § 12.1-32-15(3) required an individual to register as a sex offender when he or she pled guilty to an offense in another state that is equivalent to an offense in this state for which registration is mandatory.  Under N.D.C.C. § 12.1-32-15(1)(f), a “sexual offender” included juvenile delinquent adjudications.  At the October 2015 hearing on C.B.’s motion to dismiss, Assistant Attorney General Jonathan Byers testified that C.B.’s assault IV with sexual motivation in Washington “would be at least equivalent to a class A misdemeanor, sexual offense, in North Dakota that requires registration.”  C.B. has not argued his assault IV with sexual motivation offense in Washington is not equivalent to a North Dakota class A misdemeanor sexual offense that requires registration.  Although C.B. was not required to register as a sex offender in Washington, we conclude the Full Faith and Credit Clause does not prohibit North Dakota from requiring C.B. to register.

IV

[¶19] We have considered C.B.’s remaining arguments and conclude they are either unnecessary to our decision or without merit.  The order is affirmed.

[¶20] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.