In the

# United States Court of Appeals
## For the Seventh Circuit

No. 25-2361

KENNETH KARWACKI,

*Plaintiff-Appellant,*

*v.*

JOSH KAUL, Attorney General of Wisconsin,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 24-cv-1639-bhl — **Brett H. Ludwig**, *Judge.*

ARGUED FEBRUARY 26, 2026 — DECIDED APRIL 2, 2026

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A special court martial convicted Kenneth Karwacki of delivering peyote to fellow soldiers. He received a bad-conduct discharge. Later he applied for a permit to carry a concealed firearm in Wisconsin. The state denied his application, relying on Wis. Stat. §941.29(1m)(b), which prohibits possession of firearms by a person who "has been convicted of a crime elsewhere that would be a felony if committed in this state." Delivering pe-

yote is a Class E felony in Wisconsin. Wis. Stat. §§ 939.50(3)(e), 961.14(4)(m), 961.41(1)(a). Relying on the fact that the court martial called his offense a misdemeanor, Karwacki contends in this federal suit that the Constitution entitles him to a concealed-carry permit. The district court, however, entered judgment in the state's favor. 2025 U.S. Dist. LEXIS 130081 (E.D. Wis. July 9, 2025).

Karwacki maintains that the state's treatment of his military misdemeanor conviction as equivalent to a state-law felony conviction violates the Full Faith and Credit Clause, Art. IV §1. This clause reads:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

The constitutional language reveals one problem with Karwacki's position: a federal court martial is not a "judicial Proceeding[ in any] other State". See *Derrickson v. Danville*, 845 F.2d 715, 720 (7th Cir. 1988), which concludes that the Clause does not apply to federal judgments. Nor has Congress enacted a statute, parallel to 28 U.S.C. §1738, specifying what consequences a court martial's decision must or may have in the states.

What is more, we do not see how Wisconsin has deprived the court martial's decision of "Full Faith and Credit" in any sense. The tribunal sentenced Karwacki to a bad-conduct discharge; Wisconsin has not tried to deprive that ruling of its effect. The main function of this Clause is to ensure that judgments retain their primary effects, often via rules of issue or

claim preclusion. See *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998).

Implementation of the military conviction is not at stake here. Instead the question is what collateral consequences it carries under state law. Every state must answer questions for all convictions—federal civilian, federal military, those of other states, those of other nations—such as whether a person with a given conviction can vote, hold public office, practice law, or carry firearms. No one would say (well, no one *should* say) that Wisconsin must grant, to a person convicted in New York of fraud, a right to serve as Comptroller of Milwaukee, on the theory that any domestic consequence of an out-of-state conviction violates the Full Faith and Credit Clause. The Clause does not prevent states from specifying domestic civil consequences of foreign judgments, which is why we held in *Rosin v. Monken*, 599 F.3d 574 (7th Cir. 2010), that Illinois could require a person with a particular conviction to register as a sex offender, even though New York, which rendered the criminal judgment, did not. Firearms disabilities are no different.

Every state has a statute similar to Wis. Stat. §941.29(1m)(b) that identifies domestic consequences of convictions in other jurisdictions. The federal definition for firearms disabilities is in 18 U.S.C. §921(a)(20), which excludes from the scope of §922(g)(1) offenses related to the regulation of business practices and also excludes state offenses called misdemeanors under state law—but only if the maximum term of imprisonment is two years or less. Some states draw the line between felonies and misdemeanors at three or even five years, so firearms disabilities under §922(g)(1) can follow misdemeanor convictions in state courts. See, e.g., 101 Pa.

Code §15.66(a)(5) (five years); S.C. Code §16-1-20(A)(7) (three years). Section 922(g)(9) adds a further wrinkle, prohibiting firearms possession by anyone "who has been convicted in any court of a misdemeanor crime of domestic violence". See also *United States v. Castleman*, 572 U.S. 157 (2014). Instead of using a system such as §921(a)(20) plus §922(g)(9), Wisconsin looks to the punishment that could be imposed in its domestic courts. Many other systems of classification are imaginable, but we are confident that neither the federal system nor Wisconsin's offends the Full Faith and Credit Clause.

This leaves Karwacki's argument that Wisconsin's refusal to issue a concealed-carry license violates the Second Amendment.

To the extent Karwacki is arguing that the Constitution entitles all convicted persons to possess and carry firearms—in other words, that Wis. Stat. §941.29(1m)(b) is invalid "on its face"—it suffices to cite *United States v. Prince*, No. 23-3155 (7th Cir.), and *United States v. Watson*, No. 24-2432 (7th Cir.), both of which are being issued today. *Prince* and *Watson* reject contentions that §922(g)(1) is invalid on its face (that is, in all possible applications).

To the extent Karwacki is arguing that Wis. Stat. §941.29(1m)(b) is invalid as applied to him, in particular, he loses because of the nature of his military conviction: distributing a prohibited drug. The relation between drug distribution and firearm-related violence is too well established to call for elaboration. See, e.g., *United States v. Williams*, 113 F.4th 637, 659, 663 (6th Cir. 2024); *United States v. Fife*, 624 F.3d 441, 447 (7th Cir. 2010); *United States v. Hromada*, 49 F.3d 685, 689 (11th Cir. 1995). Governments may "disarm individuals who present a credible threat to the physical safety of others."

*United States v. Rahimi*, 602 U.S. 680, 700 (2024). Accordingly, many courts of appeals have rejected as-applied challenges by people with drug-distribution convictions on their records. See, e.g., *United States v. Kimble*, 142 F.4th 308, 312–14 (5th Cir. 2025); *United States v. Mancilla*, 155 F.4th 449, 452 (5th Cir. 2025); *United States v. Taylor*, 165 F.4th 1029, 1035–36 (6th Cir. 2026). We agree with these decisions. Our opinion in *Watson* reaches the same conclusion for a person convicted of distributing cocaine. As far as we can tell, none of the federal courts of appeals has accepted an as-applied challenge to §922(g)(1) or a similar state law by a convicted drug distributor.

*Prince* and *Watson* observe that it is an open question in this circuit whether *any* as-applied challenge to §922(g)(1) is tenable. That is equally true of state statutes attaching firearms restrictions to criminal convictions. But if an as-applied challenge ever is possible, a person with a conviction for distributing unlawful drugs cannot be the beneficiary.

AFFIRMED